UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAKRID HADI KADHIM,<br><br>                  Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>                  Respondents. | No. C06-1290MJP<br><br>ORDER DENYING MOTION TO DISMISS AND SETTING EVIDENTIARY HEARING |

      This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff's application for naturalization. (Dkt. No. 17.) The Government has filed a brief that is both a response to the Court's Order to Show Cause as well as a Motion to Dismiss and Remand. (Dkt. No. 18.) Having reviewed the Government's Response, Plaintiff's Reply (Dkt. No. 19), the Government's Reply (Dkt. No. 20), all documents submitted in support thereof, and the record in this case, the Court STRIKES without prejudice the Government's motion to remand and dismiss and grants the Government an additional forty-five days to complete its investigation of the results of Ms. Kadhim's name check.

**Background**

      Plaintiff Takrid Hadi Kadhim is a native of Iraq. On September 16, 2006, she filed an application for naturalization with the United States Citizenship & Immigration Services ("USCIS"). Ms. Kadhim met with USCIS officials for her citizenship interview on November 29, 2005, and again on March 1, 2006. At the second interview, she passed the English language, and U.S. history and government tests, but her application was continued for completion of security checks. The security checks have now been completed. However, Ms. Kadhim's application has not been adjudicated

ORDER - 1

because, as USCIS explains, "[t]he security check responses raise issues requiring intensive review that potentially impact Ms. Kadhim's eligibility for naturalization." (Harrison Decl. ¶ 19.)

On September 8, 2006, Ms. Kadhim filed this action, which requests that the Court set a naturalization hearing and approve her naturalization application. After granting, upon joint request, a number of continuances, the Court issued an order to show cause why the Court should not grant the naturalization petition. (Dkt. No. 17.) In response, USCIS urges the Court to remand this matter to the agency because there is a genuine issue as to whether Ms. Kadhim satisfies the naturalization eligibility requirements and because USCIS is in the best position to complete the investigation. Plaintiff argues that USCIS has failed to show cause why she should not be naturalized and asks that the Court grant her naturalization application. Plaintiff also requests costs, expenses, and attorneys fees.

**Discussion**

**I.      Jurisdiction**

The Court has previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b).[1] Weir v. Gonzales, Case No. C07-0074MJP, 2007 U.S. Dist. LEXIS 35115 (W.D. Wash. May 14, 2007); Aslam v. Gonzales, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006). 8 U.S.C. § 1447(b) provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.

Under the statute, the Court obtains jurisdiction over a naturalization application when USCIS has not made a decision on the application within 120 days of the applicant's interview. See Weir, 2007 U.S. Dist. LEXIS 35115, at *4-5; see also Walji v. Gonzales, 2007 U.S. App. LEXIS 22102

---

[1] The Government does not challenge the Court's jurisdiction in this case.

ORDER - 2

(September 14, 2007) (holding, on rehearing, that district court has jurisdiction under 8 U.S.C. § 1447(b) after the expiration of 120 days after the date of the application interview).

Ms. Kadhim was interviewed by USCIS on March 1, 2006, triggering the start of the 120-day period. More than 180 days elapsed between the date of Ms. Kadhim's interview and the filing of her petition on September 8, 2006. This period exceeds the 120-day time limit required under section 1447(b). Therefore, because over 120 days elapsed since Plaintiff's interview, this Court has subject matter jurisdiction over the issues raised in Plaintiff's complaint.

## II.     Available Relief

USCIS has failed to make a determination on Ms. Kadhim's petition for naturalization within 120 days of her examination in violation of 8 U.S.C. § 1447(b). Plaintiff requests that the Court grant her naturalization application. Defendants ask that the Court remand to USCIS with instructions that USCIS complete the investigation into Ms. Kadhim's eligibility for naturalization and adjudicate her naturalization application upon completion of the investigation. But Defendants offer no substantive reason why the naturalization application should not be granted. They offer only the statement that the FBI's response "raises issues requiring intensive review, and additional inquiries, that potentially impact Plaintiff's eligibility for naturalization." (Reply at 2.) This cryptic allegation does not satisfy the Court's requirement that the Government show cause why Ms. Kadhim should not be immediately naturalized.

The Court concludes that the appropriate course of action is to retain jurisdiction over this matter and provide Defendants with additional time to analyze the results of the FBI name check and to follow up with Ms. Kadhim regarding this matter. Defendants are directed to provide the Court and Plaintiff with a status report by **December 17, 2007**. If the status report indicates that there is no barrier to Plaintiff's naturalization, the Court will issue an order directing USCIS to issue a Certificate of Naturalization and to administer the oath of citizenship. If, however, Defendants indicate in the status report that there is a barrier to Plaintiff's naturalization or that they have not yet completed their analysis regarding the results of the FBI name check, the Court will hold a show cause hearing on this matter on **December 18, 2007, at 1:30 p.m.**, in the courtroom of the Honorable Marsha J.

ORDER - 3

Pechman in the U.S. District Court at 700 Stewart Street in Seattle, WA.  If appropriate, the Government may request that it be allowed to submit the results of the FBI name check *in camera* for the Court's review, as it has done in a prior case.  See Mroczek v. Gonzales, C07-0069MJP (July 26, 2007).  Moreover, if the parties wish to conduct discovery, they may ask the Court to set a schedule for doing so.

**III.    Costs, Expenses, and Attorneys Fees**

Plaintiff requests costs, expenses, and attorneys fees for preparation of the reply to the Government's response.  Counsel for Plaintiff argues that USCIS has been "deceptive in dealing with" Ms. Kadhim. (Pet.'s Reply at 2.)  Counsel states that USCIS asked Plaintiff for a continuance in this case on the grounds that the name check had not been completed, when, in actuality, the name check had been completed months prior. (Id.)  However, the Assistant United States Attorney handling this case states in response that it was his mistake that led to the confusion — he incorrectly told Plaintiff that the name check was still pending with the FBI when in fact it was pending with USCIS. (Def.'s Reply at 1.)  Because it appears that the Government did not intend to deceive Plaintiff, costs, fees and expenses are not warranted.

**Conclusion**

The Court grants the Government until December 17, 2007, to complete its investigation of the results of Ms. Kadhim's name check.  By December 17, Defendants must inform the Court whether (1) it is ready to grant the naturalization application, (2) there is a barrier to Plaintiff's naturalization, or (3) they have not yet completed their analysis regarding the results of the FBI name check.  If necessary, the Court will hold an evidentiary hearing on December 18, 2007, at 1:30 p.m. at which the Government must show cause why Ms. Kadhim should not be immediately naturalized.  In light of this order, Defendant's motion to remand is STRICKEN from the Court's motion calendar, without prejudice to renewal.

Dated this 2nd day of November, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 4